IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHAWN DEWAYNE PARKS,       )
                           )
            Petitioner,    )
                           )
      v.                   )     1:20CV892
                           )
KATY POOLE,                )
                           )
            Respondent.    )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with the $5.00 filing fee. However, he does not seek to challenge his convictions or sentences or the calculation of his sentences. Therefore, his claims do not fall within "the core of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Instead, Petitioner contends that unconstitutional conditions of confinement created by the ongoing COVID-19 epidemic and prison officials' response to it entitle him to release from prison. Such claims are not properly brought through a petition seeking a writ of habeas corpus, but instead must be raised under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). They are also subject to the requirements of the Prison Litigation Reform Act (PLRA). Seth v. McDonough, ___ F. Supp. 3d ___, 2020 WL 2571168, at *9 (D. Md. May 21, 2020); Alvarez v. Larose, 445 F. Supp. 3d. 861 (S.D. Ca. 2020). This means that the relief that Plaintiff seeks--release from prison due to

prison conditions--could only be granted after the convening of a three-judge panel following a finding by a single judge that lesser remedies have failed to remedy any deprivation of Petitioner's federal rights.  Alvarez, 445 F. Supp. 3d at 865.  Because of this, the current Petition would be dismissed without prejudice of Petitioner bringing a proper action under § 1983 after exhausting any available administrative remedies within the North Carolina prison system.  However, the Court notes that Petitioner already filed such an action in this Court in case 1:20CV898.  Therefore, his Petition should be dismissed without prejudice to him pursuing the action under § 1983 in that case.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to return Petitioner's $5.00 filing fee.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to return Petitioner's $5.00 filing fee.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner pursuing his claims under § 1983 in case 1:20CV898.

This, the 14th day of October, 2020.

_____
Joe L. Webster
United States Magistrate Judge